[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT
The above entitled medical malpractice action was tried before a jury which returned a verdict in favor of the plaintiff for economic damages in the amount of $2,698.90 and non economic damages in the amount of $100,000.00. The defendant has now moved to Set Aside that verdict on the grounds that insufficient evidence was offered to establish liability upon the defendant Hospital and upon the grounds that the verdict is excessive.
The plaintiff's decedent ("The patient"), who was suffering from Alzheimer's Disease, sustained a fall in her home and was brought to the Milford Hospital for treatment. At the time of the patient's admission, members of the family advised hospital staff of her prior medical history and of the fact that she was disorientated [disoriented] upset and confused. The members of the family also stated that the patient should not be left alone and that they were willing to be with the patient at all times. The patient was then taken for x-rays and returned to the Emergency Room and placed in a location where she was unsupervised and could not be viewed by hospital personnel. The patient was subsequently found lying next to the gurney upon which she had been placed and sustained a CT Page 6732 fractured left wrist as a result of a fall from the gurney. The initial x-rays taken of the patient also indicated that she had a full bladder which would, in the normal course, be such as to require her to go to the bathroom.
The plaintiff produced expert testimony that the patient's condition upon admission was such that the patient should never be left unsupervised, either by hospital staff or by members of the family, or, if supervision was not available, the patient should have been restrained. The plaintiff's expert testified that the hospital staff deviated from the applicable standard of care. While the defendants produced contrary evidence, the jury chose to believe the plaintiff's expert. There was sufficient evidence upon which a jury could find that the defendant deviated from the applicable standard of care and that the deviation resulted in the injuries claimed.
At the time of admission to the Milford Hospital the patient was seventy-four years of age and was suffering from Alzheimer's Disease. However, she did live with members of her family, was able to take care of all her personal needs, could feed herself and ambulate by the use of a cane. Shortly before the incident at the hospital the patient did go to Florida to visit other members of the family and enjoyed herself on that trip. Prior to the incident at the Milford Hospital the plaintiff had sustained an injury to her hip and to her right hand so that she was able to take care of her needs by use of her left hand. Accordingly, the fracture of the left wrist at Milford Hospital had a greater impact upon her as a result of her prior injuries. The cast remained on the wrist for approximately six weeks and at the time of its removal the x-rays revealed a healing of the fracture. However, after the incident at the Milford Hospital the patient was confined to a wheelchair and never walked again; she was unable to feed herself or take care of her personal needs; and was required to move from her home of thirty-five years to another location to accommodate her disabilities. The patient died 20 months after the incident from causes unrelated to the fall.
The parties are in agreement that the test for setting aside a verdict is whether the amount of damages awarded falls somewhere within the necessarily uncertain limits of fair and just damages or so shocks the sense of justice that it compels a conclusion that the jury was influenced by partiality, prejudice or mistake. In the opinion of the court the verdict does not shock the sense of justice nor does it compel a conclusion that the jury was CT Page 6733 influenced by partiality, prejudice or mistake. Accordingly, the Motion to Set Aside the Verdict on the grounds of excessiveness is denied.
The parties are in agreement that the verdict should be reduced by the amount of the economic damages as a result of collateral source payments. The court has also reviewed the file and finds that the plaintiff had filed an offer of judgment in the amount of $100,000.00 which was not accepted by the defendant. Since the amount of the verdict equals or exceeds the amount of the offer of judgment, the plaintiff is also entitled to interest pursuant to General Statutes § 52-192a(b). Accordingly, Judgment may enter in favor of the plaintiff in the amount of $131,901.00.
RUSH, J.